JOHN MIMOSA MARKS, PRO SE
386 14TH ST.
OAKLAND, CA 94607
JOHN.MARKS@HOMELESSINCORPORATED.COM
415-961-7213

FILED
AUG 15 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **JOHN MIMOSA MARKS,** ON BEHALF OF HIMSELFAND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFF,<br><br>V.<br><br>**DONALD JOHN TRUMP**,<br><br>IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES;<br><br>**PAMELA JO BONDI**,<br><br>IN HER OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES;<br><br>**ROBERT F. KENNEDY JR.**,<br><br>IN HIS OFFICIAL CAPACITY AS SECRETARY OF HEALTH AND HUMAN SERVICES;<br><br>**SCOTT TURNER**,<br><br>IN HIS OFFICIAL CAPACITY AS SECRETARY OF HOUSING AND URBAN DEVELOPMENT;<br><br>**SEAN P. DUFFY**,<br><br>IN HIS OFFICIAL CAPACITY AS SECRETARY OF TRANSPORTATION;<br><br>AND **THE UNITED STATES OF AMERICA**,<br><br>DEFENDANTS. | Case No.: CV 25-6932 JCS<br><br>EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNTION; MEMORANDUM OF POINTS & AUTHORITY |

**EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS & AUTHORITIES**

---

**Date: To be set by Court**

**Time: To be set by Court**

**Place: Courtroom [ ], 1301 Clay Street, Oakland, CA**

**NOTICE OF MOTION:** Plaintiff respectfully moves ex parte for a Temporary Restraining Order enjoining enforcement of Executive Order No. 14321 ("Ending Crime and Disorder on America's Streets"), 90 Fed. Reg. 35817 (July 24, 2025) (the "Executive Order" or "EO"), and for an order to show cause why a preliminary injunction should not issue. Because the EO is being implemented immediately and Plaintiff faces imminent and irreparable harm—loss of liberty, forced institutionalization, and life-threatening medical risks—Plaintiff requests expedited relief and a hearing at the Court's earliest practicable date.

**REQUESTED RELIEF:** Plaintiff requests that this Court:

1. Issue a Temporary Restraining Order, pending an expedited hearing on a preliminary injunction, temporarily restraining Defendants, and their officers, agents, servants, employees, and all persons acting in concert with them, from implementing or enforcing Executive Order No. 14321 (including any implementing guidance, memoranda, instructions, directives, or funding conditions) insofar as it (a) authorizes, directs, conditions, or encourages civil commitment, detention, institutionalization, removal, or segregation of unhoused

persons on the basis of homelessness or perceived inability to "care for themselves," and (b) directs reversal, suspension, or termination of judicial precedents or consent decrees that protect due process or integration rights of disabled individuals.

2. Order Defendants to preserve all documents and communications (including electronic communications, memoranda, plans, and directives) relating to the drafting, implementation, enforcement, or funding of EO 14321.
3. Set an expedited hearing on an Order to Show Cause for Preliminary Injunction (and associated briefing schedule) within [48–72] hours or as soon as the Court's calendar permits.
4. Waive or set a nominal security bond under Fed. R. Civ. P. 65(c).
5. Grant such other relief as justice requires.

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION / EMERGENCY NATURE

Plaintiff is an unhoused, visibly disabled individual who faces immediate threat of involuntary civil commitment and institutionalization under Executive Order No. 14321. The EO mandates nationwide practices that deprive liberty and seek to override judicial protections (including those established in *Addington v. Texas*, *O'Connor v. Donaldson*, and *Olmstead v. L.C.*), while failing to provide constitutionally adequate procedural safeguards. Plaintiff has a history of prior psychiatric holds, serious medical vulnerabilities (including a ventriculoperitoneal shunt and epilepsy), and a public

advocacy profile that makes him particularly at risk for enforcement. Unless the Court acts immediately, Plaintiff faces imminent and irreparable injury—loss of constitutional rights, deprivation of liberty, and substantial risk to life and health.

## II. LEGAL STANDARD FOR EMERGENCY RELIEF

A temporary restraining order is appropriate where the movant shows (1) likelihood of success on the merits; (2) irreparable injury in the absence of relief; (3) that the balance of equities favors the movant; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011) (sliding-scale application of factors). Where constitutional rights are threatened, the irreparable-harm requirement is readily satisfied. *Elrod v. Burns*, 427 U.S. 347 (1976). Ex parte relief under Fed. R. Civ. P. 65(b) is available when immediate and irreparable injury would result before notice can be given and served; movant must certify efforts to give notice or explain why notice should be excused.

## III. PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS

Plaintiff's Complaint alleges multiple meritorious federal claims that, taken together, establish a strong likelihood of success:

- **Procedural Due Process.** The EO authorizes or encourages involuntary civil commitment without constitutionally required procedures, including the clear-and-convincing evidentiary standard and prompt independent judicial review.

*Addington v. Texas*, 441 U.S. 418 (1979); *O'Connor v. Donaldson*, 422 U.S. 563 (1975).

- **Substantive Due Process.** The EO authorizes a massive curtailment of liberty absent individualized medical findings of dangerousness or incapacity to survive in freedom, which violates fundamental liberty interests. *O'Connor v. Donaldson*; *County of Sacramento v. Lewis*, 523 U.S. 833 (1998).
- **ADA & Rehabilitation Act — Integration Mandate.** The EO's mandated institutionalization conflicts with the ADA's integration mandate and *Olmstead v. L.C.*, 527 U.S. 581 (1999), and with applicable HHS Section 504 rules requiring community-based services where appropriate.
- **Equal Protection / Animus / Status Criminalization.** The EO discriminates against homeless persons and persons with disabilities, imposes disparate impact on protected classes, and risks criminalizing status in violation of equal protection principles and *Robinson v. California*, 370 U.S. 660 (1962).
- **Ultra Vires / Separation of Powers.** The EO exceeds Executive authority by attempting to commandeer or supplant state civil-commitment regimes and directing reversal of judicial precedents without Congressional authorization. *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579 (1952).

Collectively, these claims make Plaintiff's likelihood of success on the merits substantial.

## IV. PLAINTIFF WILL SUFFER IRREPARABLE HARM ABSENT IMMEDIATE RELIEF

The threatened harms are constitutional (loss of liberty and procedural protections), physical (risk of life-threatening medical deterioration if institutionalized in facilities lacking necessary care), and irreparable (loss of First Amendment freedoms from retaliation and chilling effect). Constitutional violations alone constitute irreparable harm. *Elrod v. Burns*, 427 U.S. at 373. Moreover, the medical risks (seizures, shunt complications, hypertensive crisis, respiratory compromise) are immediate and potentially fatal if Plaintiff is institutionalized without appropriate accommodations.

## V. BALANCE OF EQUITIES AND PUBLIC INTEREST

The balance favors injunctive relief: an injunction preserves individual constitutional rights and protects life and health; any temporary delay in implementing the EO imposes minimal, if any, burden on Defendants or the public. The public interest favors the protection of constitutional rights and the prevention of government actions that may cause irreparable physical harm.

## VI. CERTIFICATION REGARDING NOTICE

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), Plaintiff will promptly attempt to notify counsel for Defendants. However, given the EO's immediate implementation and the substantial risk that advance notice would precipitate irreparable harm, Plaintiff requests ex parte relief or, alternatively, is willing to provide such short notice as the Court requires. (Plaintiff's accompanying declaration provides a factual account of attempts and justification for excusing notice or for shortened notice.)

## VII. REQUEST FOR NOMINAL OR NO BOND

Federal Rule of Civil Procedure 65(c) permits the Court to require a security bond in its discretion. Given Plaintiff's indigence, the public-interest nature of the requested relief, and the equitable nature of this case, Plaintiff requests the Court waive the security requirement or set a nominal bond.

## VIII. PRESERVATION OF EVIDENCE

To prevent spoliation and to assist prompt adjudication, Plaintiff requests an order requiring Defendants to preserve all documents, communications, and materials (electronic and hard-copy) concerning drafting, implementation, enforcement, guidance, or funding of EO 14321, including communications with state and local officials and recipients of federal funds implementing the EO.

## IX. CONCLUSION & RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Issue a Temporary Restraining Order preventing Defendants from implementing or enforcing Executive Order No. 14321 (and related directives) insofar as they authorize or mandate civil commitment, detention, institutionalization, or segregation of unhoused persons on the basis of homelessness or perceived inability to care for themselves;
2. Order Defendants to preserve all materials related to the EO;

3. Set an expedited hearing on an Order to Show Cause for a preliminary injunction within [48–72] hours (or as soon as practicable), with a briefing schedule to be set by the Court;
4. Waive or set a nominal Rule 65(c) bond; and
5. Grant any other relief the Court deems just and proper.

Respectfully submitted,

Dated: August 14th, 2025

John Mimosa Marks, Pro Se

386 14th St.

Oakland, CA 94612

john.marks@homelessincorporated.com

415-961-7213